8487

STATE v. TOALE.

1. EVIDENCE—FALSE REPRESENTATIONS.—Under an indictment for obtaining property under false pretenses it is competent for a witness to state he conveyed two lots to defendant on the representation that the chattel mortgage assigned him as consideration for the deed was a first mortgage without producing the deed, because this was not a contested fact in the case and the defendant had already testified to it.

2. IBID.—IBID.—Under such indictment the representation alleged being that the chattel mortgage was a first mortgage, evidence that the mortgage was of even date with another supports the indictment, and it would not help defendant if the evidence that the other mortgagee had agreed in parol that the mortgage in question should be the first mortgage, should be held incompetent, or to show that the assignee could have made it a first lien by recording it.

Before WILSON, J., Aiken.    Affirmed.

Indictment against Philip P. Toale.    Defendant appeals.

*Mr. Jno. F. Williams,* for appellant, cites: *Deed should have been produced before testified to:* 4 Rich. 356; 9 Rich. L. 438; 2 Speer 711; Code 1912, 3735-6; 27 S. C. 262; 2 Bail. 328. *Terms of a mortgage could not be varied by parol:* 33 S. C. 243.

*Solicitor R. L. Gunter,* contra, cites: *The evidence in parol as to the deed was competent:* 61 S. C. 166; 65 S. C. 1; 77 S. C. 102; 23 S. C. 170.

March 27, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The defendant appeals from conviction and sentence on an indictment which charged that he, "on the 18th day of January, 1910, at Aiken, in the county and State aforesaid, devising and intending to cheat and

defraud one H. M. Salley of divers goods, moneys, chattels, and property, unlawfully, knowingly and designedly did falsely pretend that a certain chattel mortgage, for one hundred and seventy ($170) dollars, executed the 12th day of January, 1910, by Joe Thompson to Salley & Gleaton, and assigned to Philip P. Toale January 12, 1910, and assigned by the said Philip P. Toale to H. M. Salley, January 18, 1910, was the first mortgage on the property mentioned therein, which said pretense the said Philip P. Toale well knew to be false by color and means, of which said pretense and pretenses, the said Philip P. Toale did then and there unlawfully, knowingly and designedly obtain from the said H. M. Salley, a deed to two lots in the town of Perry, in the said county and State, worth two hundred ($200) dollars, being then and there the property of the said H. M. Salley, of the value of two hundred ($200) dollars, with the intent to cheat and defraud the said H. M. Salley against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The first point made by the defendant is that the Court erred in allowing the prosecuting witness, H. M. Salley, to testify without producing the deed that he conveyed the lots to the defendant relying on his assignment of a chattel mortgage, represented by the defendant to be the first mortgage, when in fact it was not the first mortgage. The exception can not be sustained, if for no other reason, because the defendant admitted in his testimony that Salley did convey the lots, and the fact of the conveyance was not one of the contested issues in the cause.

It does not help the defendant if it be conceded, as claimed by him, that the mortgage he assigned to Salley was not a second mortgage, but was of equal date with the other mortgage on the property, and that parol evidence to the effect that the defendant had agreed with the holder of the other mortgage that it should be superior was incompetent. The charge in the indictment, which the ver-

dict sustained, was that the defendant had obtained the deed to the lots by the false representation that the mortgage assigned to Salley was *the* first mortgage on the property it covered. Proof that it was not the first mortgage as the defendant claimed, but one of equal date with another, would sustain the charge.

It would serve no useful purpose to enter into an extended analysis of the charge in considering the exception alleging that the Circuit Judge in his charge assumed the making of the false pretense. It is enough to say that he merely stated the issues to the jury without any intimation of opinion.

It may be true that the prosecutor, Salley, might have made the mortgage assigned to him a first lien by recording it before the record of the other mortgage, but the Court was right in holding that to be no issue in the case. The question was whether the defendant falsely represented the mortgage to be a first mortgage when he assigned it, not whether the prosecutor afterwards could have acquired a first lien by some independent act of his own.

Affirmed.